UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER HAKEAM JABBAR WISE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-665-PPS-APR |
| DOCTOR JOHN LEE & N.P. ROSE WILCOX, | |
| Defendant. | |

OPINION AND ORDER

Christopher Hakeam Jabbar Wise, a prisoner without a lawyer, filed a motion to amend his unsigned complaint. ECF 6; *see also* ECF 1. Although the motion is unnecessary at this stage, *see* Fed. R. Civ. P. 15(a)(1), I will grant it and direct the clerk to docket ECF 6-1 as the operative complaint. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Wise is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he alleges facts that preclude relief. *See, e.g., Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Wise is currently incarcerated at the Allen County Jail. He complains of the medical care he has received there since October 28, 2025. As a pretrial detainee, his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). Under that standard, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal quotation marks and citation omitted).

Whether a defendant is providing reasonable care is determined by a purely objective standard. *Pittman*, 108 F.4th at 572. First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or

2

inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Here, Wise alleges he went two weeks without his medically prescribed seizure medications—Keppra and Depakote—when he first arrived at the Allen County Jail. Since then, Wise has received the Keppra but not the Depakote. However, his seizure disorder is still not being controlled—whenever the lights flash on his cell block or are too bright, he has a seizure. Wise also claims he was prescribed medication by an outside hospital for his hypoglycemia, but Nurse Practitioner Rose Wilcox has refused to give him medication. He has sued Dr. John Lee and N.P. Wilcox for monetary damages.

Wise's allegations are sparse, but, giving him the benefit of the inferences which I must at this stage, he has stated a plausible claim against N.P. Wilcox. He alleges he has serious medical conditions for which N.P. Wilcox has denied him necessary medication(s), and the lack of treatment has caused him harm. This is sufficient at the pleading stage. However, Wise hasn't mentioned Dr. Lee anywhere in the body of his complaint, so it's unclear what role he played in the events that occurred. As such, he will be dismissed. *See Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are

3

responsible."); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("[T]he division of labor is critical to the efficient functioning of the [prison] organization."); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (There is no general respondeat superior liability under 42 U.S.C. § 1983.).

Accordingly:

(1) The motion to amend (ECF 6) is GRANTED;

(2) The clerk is DIRECTED to separately docket ECF 6-1 as the operative complaint in this case;

(3) Christopher Hakeam Jabbar Wise is GRANTED leave to proceed against N.P. Rose Wilcox in her individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical care for his seizure disorder and hypoglycemia from October 28, 2025, to the present in violation of the Fourteenth Amendment;

(4) All other claims are DISMISSED;

(5) Doctor John Lee is DISMISSED;

(6) The clerk is DIRECTED, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) N.P. Rose Wilcox at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 6-1);

(7) Quality Correctional Care, LLC is ORDERED to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) N.P. Rose Wilcox is ORDERED, under 42 U.S.C. § 1997e(g)(2), to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: February 4, 2026.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT